UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JADEDON PARKER,

               Petitioner,

    v.

UNITED STATES OF AMERICA,

               Respondent.

CASE NO. C16-0534RSM

ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

## I.   INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Dkt. # 1.  Petitioner Jadedon Parker challenges the 38-month sentence imposed on him by this Court after he pleaded guilty to two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Petitioner timely brought this motion, and now challenges his sentence on the basis that the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), applies retroactively to his case and requires that the Court resentence him under a different Guideline range calculation.  After full consideration of the record, and for the reasons set forth below, the Court GRANTS Mr. Parker's § 2255 motion.

///

///

## II. BACKGROUND

On July 16, 2014, Mr. Parker was charged by Indictment with two counts of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).[1]  Case No. CR14-211RSM, Dkt. #3.  Mr. Parker entered into a plea agreement on October 30, 2014, under Federal Rule of Criminal Procedure 11(c).  *Id.*, Dkt. #19.  In that agreement, the government agreed to recommend a sentence of 41 months with Mr. Parker free to ask for whatever sentence he believed was appropriate.  *Id.* at ¶ 10.

The Presentence Report ("PSR") calculated the base offense level as 22 on the basis that the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" and that Mr. Parker's prior Washington state conviction for drive-by shooting qualified as a "crime of violence."  *Id.*, Dkt. #22 at ¶ 10.; *see* U.S.S.G. § 2K2.1(a)(1).  The PSR also applied a two-level enhancement under § 2K2.1(b)(1)(B) because Mr. Parker possessed three firearms.  *Id.* at ¶ 10.  The PSR also allowed that Mr. Parker was entitled to a three-level adjustment for acceptance of responsibility, yielding a total offense level of 21.  *Id.* at ¶ ¶ 19-21.  This offense level, combined with criminal history category III, placed Mr. Parker in an advisory Guideline range of 46 to 57 months' imprisonment.  *Id.* at ¶ 67.

The Government agreed that the PSR reflected the corrected sentencing range.  *Id.*, Dkt. #25 at 4.  However, the Government recommended a downward variance from the Guidelines, and a sentence of 41 months based in part on the fact that Mr. Parker's longest previous period of incarceration was 20 months.  *Id.*, Dkts. #24 at 6 and #25 at 4.  Defense counsel agreed with the offense level and sentence range calculations set forth in the PSR.  Case No. CR14-

---

[1]  Mr. Parker had previously been convicted in King County Superior Court for the felony of drive-by shooting.

211RSM, Dkt. #24 at 10.  However, defense counsel requested a prison term of no more than 22 months, citing to Mr. Parker's horrific childhood, his cognitive deficits, and his mental health issues. *Id.* at 11.

On January 15, 2015, this Court departed downward from the Guideline range and sentenced Mr. Parker to 38 months in prison. *Id.*, Dkts. #26 and #27.  The Court also imposed three years of supervised release. *Id.*  There was no appeal.

On April 7, 2016, based on the U.S. Supreme Court decisions in *Johnson*, *supra*, and *Welch v. United States*, __ U.S., __, 136 S. Ct. 1257 (2016), Mr. Parker filed the instant motion. He argues that without the "crime of violence" enhancement, his post-plea base offense level would be 20.  Dkt. #1 (citing § 2K2.1(a)(4)(B)).  Thus, according to Mr. Parker, applying the remaining adjustments, his adjusted base offense level would be 19, resulting in an advisory Guideline range of 37 to 46 months, and a 38-month Guideline sentence no longer accounts for the § 3553(a) factors relied upon this Court to vary downwards from the low end of the erroneous Guideline range by 8 months.  Dkt. #1.

## III.  DISCUSSION

### A.  Legal Standard

A  motion under 28 U.S.C. § 2255 permits a federal prisoner, in custody, to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the  maximum authorized by law.  A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

1   by the Supreme Court and made retroactively applicable to cases on collateral review." §

2   2255(f)(3).

3        As noted above, Petitioner's motion to vacate follows the Supreme Court's decision in

4   *Johnson v. United States*, 135 S. Ct. 2551, *supra*.  In *Johnson*, the Supreme Court ruled on a

5   section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which

6   provided a definition of "violent felony."  Under the ACCA, a defendant convicted of being a

7   felon in possession of a firearm faces a mandatory minimum sentence of 15 years if he has

8   three prior convictions for "violent felonies."  18 U.S.C. § 924(e)(1). The ACCA residual

9   clause provided that a violent felony was one that "otherwise involves conduct that presents a

10  serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In *Johnson*,

11  the Supreme Court held that this clause was "unconstitutionally vague."  135 S. Ct. 2557. In

12  doing so, the Court necessarily found the clause "vague in all its applications," *id.* at 2561, and

13  concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of

14  law."  *Id.* at 2557.  Subsequently, in *Welch v. United States*, the Court held that *Johnson* applies

15  retroactively to defendants whose sentences were enhanced under the ACCA's residual clause.

16  136 S. Ct. 1257, 1265 (2016).

17       In the instant matter, Petitioner was not sentenced as a career offender under the ACCA.

18  Rather, he was sentenced under the United States Sentencing Guidelines ("USSG" or

19  "Guidelines").  The Guidelines also include in its definition of "crime of violence" a sentence

20  identical to the ACCA residual clause.  *See* USSG § 4B1.2(a)(2) (providing that a "crime of

21  violence means any offense…[that] otherwise involves conduct that presents a serious potential

22  risk of physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th

23  Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent

24

felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]").  Thus, Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it was unconstitutional under *Johnson* and *Welch*, and that his sentence is no longer appropriate. In response, the Government argues that Petitioner's claim is procedurally barred, and that *Johnson*'s holding does not retroactively apply to Guidelines sentences.  Dkt. #4.

**B.  Retroactivity**

The Government first argues that *Johnson* does not retroactively apply to cases such as the instant one, where the sentence was imposed under the Guidelines.  Dkt. #4 at 5-12.  To date, several Judges in this District have rejected that argument.  *See*, *e.g.*, *Gibson v. United States*, Case No. C15-5737BHS, *Gilbert v. United States*, C16-0534JCC, *Pressley v. United States*, Case No. C16-510RSL.  However, several Circuit Courts have also considered the Government's argument and have held that extending *Johnson* to sentences under the Guidelines would amount to a new rule that has not been made retroactive to cases on collateral review by the United States Supreme Court, thereby recognizing that applying *Johnson* in the Guidelines context amounts to a new procedural rule within the meaning of *Teague v. Lane*, 489 U.S. 288 (1989), not a substantive rule.  *See Donnell v. United States*, ___ F.3d ___, 2016 WL 3383831, *2-*3 (8th Cir. June 20, 2016); *In re Arnick*, ___ F.3d ___, 2016 WL 3383487 (5th Cir. June 17, 2016); *In re Griffin*, ___ F.3d ___, 2016 WL 3002293, at *5 (11th Cir. May 25, 2016).  A review of the large number of *Johnson*/Guidelines orders being issued around the country reveals that District Courts are struggling with how to proceed with cases under these circumstances.  For the reasons discussed below, the Undersigned now falls in line with the other Judges of this Court.

1    In *Welch*, the Supreme Court assumed without deciding that the "normal framework"

2  established by *Teague v. Lane*, 489 U. S 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989),

3  applies in a federal collateral challenge to a federal conviction.  *Welch*, 136 S. Ct. at 1264.

4  Generally under *Teague*, "'new constitutional rules of criminal procedure will not be applicable

5  to those cases which have become final before the new rules are announced.'"  *Id.* (quoting

6  *Teague*, 489 U.S. at 310).   There are two exceptions to the *Teague* retroactivity bar.  First

7  "'new substantive rules generally apply retroactively.'"  *Id.* (quoting *Schriro v. Summerlin*, 542

8  U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004)) (brackets omitted).  Second, "new

9  watershed rules of criminal procedure, which are procedural rules implicating the fundamental

10  fairness and accuracy of the criminal proceeding, will also have retroactive effect."  *Id.*

11  (internal quotation marks omitted).   As a result, the Court held that *Johnson* applies

12  retroactively to defendants whose sentences were enhanced under the ACCA's residual clause.

13  136 S. Ct. 1257, 1265 (2016).

14    *Welch* confirmed that *Johnson* announced a new rule, and that the new rule was

15  substantive because it "'alter[ed] the range of conduct or the class of persons that the law

16  punishes.'"  136 S. Ct. at 1264-65 (quoting *Schriro*, 542 U.S. at 353).  In a recent opinion, the

17  Supreme Court noted that under *Teague*, "[s]ubstantive rules . . . set forth categorical

18  constitutional guarantees that place certain criminal laws and punishments altogether beyond

19  the States' power to impose."  *Montgomery v. Louisiana*, 136 S. Ct. 718, 729, 193 L. Ed. 2d

20  599 (2016).   In contrast, procedural rules "'are designed to enhance the accuracy of a

21  conviction or sentence by regulating the *manner of determining* the defendant's culpability.'"

22  *Id.* at 730 (quoting *Schriro*, 542 U.S. at 353) (emphasis in original).  *Montgomery* further

23  recognized that some rules have both procedural and substantive effects. *Id.* at 734-35 (citing

24

and quoting *Mackey v. United States*, 401 U.S. 667, 692 n.7, 91 S. Ct. 1160, 28 L. Ed. 2d 404 (1971) ("Some rules may have both procedural and substantive ramifications")). As *Montgomery* explained, some substantive rules have a "procedural component[,]" or a procedural requirement, but that does not "transform substantive rules into procedural ones." *Id.*

The Government argues that while *Johnson*'s rule is substantive in the context of the ACCA, it is procedural and not substantive when considered in the context of the Guidelines, because:

> As applied to the residual clause of USSG §4B1.2(a)(2), or indeed any other guideline provision, *Johnson* is just a procedural rule regulating "'the manner of determining the defendant's culpability.'" . . . Unlike in the ACCA context, any *Johnson* error in a Guidelines calculation does not (and could not) alter any sentencing range set by Congress, . . ., and it would not (and could not) produce a sentence that exceeds the statutory maximum.

Dkt. #4 at 7.

Some courts have agreed with the Government's position. *See*, *e.g.*, *Richardson v. United States*, 623 F. App'x 841, 842 (8th Cir. 2015); *Frazier v. United States*, No. 1:09-CR-188-CLC-SKL-1, 2016 U.S. Dist. LEXIS 29272, 2016 WL 885082, at *6 (E.D. Tenn. Mar. 8, 2016), *appeal filed*, No. 16-5299 (6th Cir. Mar. 15, 2016); *United States v. Stork*, No. 3:10-CR-132, 2015 U.S. Dist. LEXIS 162777, 2015 WL 8056023, at *5 (N.D. Ind. Dec. 4, 2015), *appeal filed*, No. 15-3785 (7th Cir. Dec. 15, 2015); *United States v. Willoughby*, 144 F. Supp. 3d 935, 2015 WL 7306338, at *6-7 (N.D. Ohio 2015), *appeal filed*, No. 16-3080 (6th Cir. Jan. 28, 2016). Other courts, including this one, have reached the opposite conclusion. *See*, *e.g.*, *Gibson*, Gilbert and *Pressley*, *supra*; *United States v. McGary*, 2016 U.S. Dist. LEXIS 102002, *14 (N.D. Cal. Aug. 3, 2016); *United States v. Dean*, 2016 U.S. Dist. LEXIS 33094,

2016 WL 1060229, *13 (D. Or.); *United States v. Jordan*, 2016 U.S. Dist. LEXIS 96099 (E.D. Wash. July 22, 2016).

Still other courts have taken a different approach. For example, in *United States v. Ramirez*, No. 10-10008-WGY, 2016 U.S. Dist. LEXIS 68022, 2016 WL 3014646 (D. Mass. May 24, 2016), the District Court examined "the new rule" at issue in order to determine whether *Johnson* could be applied retroactively to a Guidelines case. The Government had argued that to grant collateral relief, the court would have to announce or apply two new rules: that the residual clause in the Guidelines is unconstitutionally vague and that due process vagueness challenges apply to the Guidelines. *Id.* The defendant had taken a "categorical" approach, arguing that the new rule in *Johnson* is the only rule the court would have to apply to invalidate the Guidelines' residual clause as unconstitutionally vague. *Ramirez*, 2016 U.S. Dist. LEXIS 68022, 2016 WL 3014646, at *5. The *Ramirez* court rejected the government's "two rule" argument as a "procedural quagmire[.]" *Id.* But, it also did not adopt the defendant's proposal of "categorically applying the *Johnson* rule to the Guidelines" because, in the court's view, a "more involved" analysis was required to support the retroactivity of the Guidelines's residual clause vagueness rule. *Id.* (noting that the analysis was "not a perfunctory application of *Johnson*"). The court concluded that the new rule was not the rule announced in *Johnson*, but was instead the application of *Johnson* to the Guidelines' residual clause. *Id.* at *6.

In that context, the *Ramirez* court went on to discuss the retroactive application of the new rule on collateral review. Because the rule was not *Johnson* itself but "rather *Johnson* as applied to the Guidelines's" residual clause, the court rejected the position that *Welch* resolved the issue. *Id.* at *7. However, the court rejected the Government's position that the "rule" at

1    issue was procedural.  *Ramirez*, 2016 U.S. Dist. LEXIS 68022, 2016 WL 3014646, at *7-10.

2    The court noted the fundamental role of the Guidelines in sentencing, that they provide the

3    basis for a defendant's sentencing range, and that, while advisory, they restrict a judge's

4    discretion to a certain degree.  *Id.* at *3 n.8 and *7.

5          Next, the court explained that even before considering the statutory factors under §

6    3553(a) and other variations, a career offender designation creates an indelible imprint through

7    which the sentencing proceeds.  *Id.* at *7 (explaining that "[b]efore embarking on the 'advisory'

8    component of sentencing under the Guidelines . . . . the judge already views the defendant

9    through career offender-tinted glasses with a baseline sentencing range multitudes higher than

10   otherwise") (internal quotation marks omitted).  The court further stated that "empirical data"

11   shows that even after a deviation from the suggested Guidelines range, the "differential

12   between the sentences with and the sentences without the career-offender designation persists,

13   as a result of the Guidelines' continuing gravitational pull resulting from procedural hurdles

14   that make the imposition of a non-Guidelines sentence less likely."  *Id.* (citations, internal

15   quotation marks, and brackets omitted).  The *Ramirez* court then concluded that "in practice,

16   the upper limit of a Guidelines range acts as a ceiling for the vast majority of sentences

17   imposed by federal district court judges, making a career-offender designation the equivalent of

18   an increase in a statutory maximum."  *Id.* at *8 (emphasis added).  Finally, the court offered

19   this response to other district courts reaching the opposite conclusion on the retroactivity issue:

20          Substantive rules alter the range of conduct or the class of persons that the
            law punishes.  So does a rule declaring the Guidelines' Residual Clause
21          unconstitutionally vague: it alters the class of persons subject to career
            offender-enhanced sentences.  This class no longer includes individuals
22          whose past offenses are crimes of violence solely as a result of the
            Guidelines' Residual Clause.

23

24   *Id.* at *9 n.23 (citation, internal quotation marks, and brackets omitted).

Based on that reasoning, the court concluded that:

> [g]iven the impact of a career offender designation on a defendant's sentence, if a court were to refuse retroactively to apply the invalidation of the Guidelines' Residual Clause, the risk that a defendant received a sentence that otherwise he would not have received is more than likely to rise[.]  Rather, the court's decision would carry the "impermissibly large risk," *Teague*, 489 U.S. at 312, that the punishment exceeds what the defendant would have received without the designation.  This risk trumps finality in the *Teague* framework.

*Id.* at *9 (citation and internal quotation marks omitted).

In a March 2016 opinion, the District of Oregon also rejected the Government's position, concluding that *Johnson* is a new, substantive rule, the *Teague* bar does not apply, and thus, *Johnson* applies retroactively on collateral review.  *United States v. Dean*, 2016 U.S. Dist. LEXIS 33094, 2016 WL 1060229, at *16 (D. Or. Mar. 15, 2016).  That court, like the *Ramirez* court, noted the prominent role the Guidelines have in sentencing.  *Id.* at *12 (citing and quoting *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013) ("the Guidelines remain 'the lodestone of sentencing")).  Similar to the *Ramirez* court, the Oregon District Court rejected the idea that *Johnson* did not change the conduct subject to punishment.  *Id.* at *16.  The court explained that under *Johnson*, the defendant's prior state court conviction no longer constituted a "crime of violence" for purposes of the Guidelines' residual clause.  *Id.* "*Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines."  *Id.* Thus, in contrast to a "procedural" rule under *Teague*, "*Johnson* does not 'regulate only the *manner of determining* the defendant's culpability' like a procedural rule would."  *Id.* (quoting *Schriro*, 542 U.S. at 353).

In *Dean*, relying on *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), the Oregon District Court ultimately concluded that Ninth Circuit precedent mandated adoption of a categorical approach to the issue.  *Dean*, 2016 U.S. Dist. LEXIS 33094, 2016 WL 1060229, at

*16.  In *Reina-Rodriguez*, the defendant was convicted of illegal reentry after deportation.  *Id.* at 1185.  Although the base offense level for his crime was eight, the district court applied a sixteen-level enhancement because the defendant had previously been convicted of second-degree felony burglary in Utah which the district court concluded was a "crime of violence" under the Guidelines.  The defendant directly appealed, arguing that his Utah burglary conviction did not qualify as a burglary of a dwelling under the Guidelines.  The Ninth Circuit rejected that argument and affirmed the district court.  *Id.* (citing *United States v. Reina-Rodriguez*, 468 F.3d 1147 (9th Cir. 2006)).

The next year, the Ninth Circuit issued an en banc decision in an ACCA case which overruled several of its previous cases, including *Reina-Rodriguez*, to the extent those cases relied on an erroneous methodology to determine whether a "dwelling" meets the Guidelines' definition of "dwelling."  *United States v. Grisel*, 488 F.3d 844, 851 n.5 (9th Cir. 2007) (en banc).  After *Grisel*, the defendant in *Reina-Rodriguez* filed a § 2255 motion, arguing that *Grisel* should be applied retroactively to invalidate his sentence enhancement given that *Grisel* specifically overruled the previous direct appeal panel opinion affirming his conviction.  *Reina-Rodriguez*, 655 F.3d at 1187.  Despite the fact that *Grisel* was an ACCA-enhancement case and the defendant's enhancement was under the Guidelines, the Ninth Circuit concluded that *Grisel* announced a substantive rule, not a procedural one, and that *Teague* did not bar its retroactive application in the defendant's § 2255 collateral Guidelines challenge.  *Id.* at 1188-90.  Thus, the District of Oregon rejected the argument that the retroactive nature of *Johnson*'s new rule changes when it is applied to a Guidelines sentence.  *Id.*

Finally, this Court continues to reach the same conclusion.  In *Pressley*, *supra*, this Court rejected the Government's argument that a new constitutional rule can be substantive in one

1  context and procedural in another, finding that such a position runs against controlling precedent.

2  *Pressley* Cae No. C16-510RSL, Dkt. #18 at 4 (W.D. Wash. Aug. 11, 2016).  The Court noted

3  that it "declines to adopt this reasoning as it creates a distinction where the Ninth Circuit found

4  none." *Id.*  This Court also rejected the Government's argument that in recognizing a vagueness

5  challenge to the Sentencing Guidelines, the Court necessarily creates a new rule allowing the

6  Guidelines to be challenged as unconstitutionally vague.  *Id.* at 5.  The Court explained:

7  > This argument has recently been rejected by this District.  New rules are not
> created when a court merely applies principles governing prior decisions.
8  > *Reina-Rodriguez* shows that a rule that is substantive in the ACCA context
> is also substantive in the Sentencing Guidelines context.  The Ninth Circuit
9  > has also previously allowed vagueness challenges to the Sentencing
> Guidelines.  In light of the Supreme Court's decisions in *Johnson* and
10 > *Welch*, these precedents lead the Court to recognize the holding in Johnson
> as being retroactively applicable to the Sentencing Guidelines. No new rule
11 > need be created.

12  *Id.*

13      For the reasons discussed by all of these courts, this Court is not persuaded by the

14  arguments made by the Government in this case.  The Government concedes that the Guidelines'

15  Career Offender residual clause is unconstitutionally vague.  Dkt. #4 at 5.  *Welch* holds that

16  *Johnson* announced a new substantive rule, and *Reina-Rodriguez* provides strong support for

17  concluding that the rule is to be treated as substantive regardless of the context.[2]  Accordingly,

18  this Court can only conclude that, even in a Guidelines challenge, the rule is substantive and

19  *Teague*'s retroactively bar does not apply.

20  **C. Procedural Bar**

21

22

23

24      [2]  As this Court has noted in its other aforementioned Guidelines cases, the Government
acknowledges that its position is "in tension" with *Reina-Rodriguez*.  Dkt. #4 at 9.

ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY - 12

1    The Government also argues that Petitioner's motion is procedurally barred because he

2    did not file a direct appeal of his sentence.  Dkt. #4 at 12-15.  The Court disagrees.  A petitioner

3    may overcome procedural default by showing "cause," meaning that the petitioner's default was

4    excusable, and "actual prejudice," meaning that petitioner suffered harm from the action forming

5    the basis of the claim.  *See, e.g.*, *Bousley v. United States*, 523 U.S. 614 (1998).  Petitioner

6    demonstrates both in this case.

7        A petitioner can demonstrate cause is by showing that the claim being raised is "so novel

8    that its legal basis [was] not reasonably available to counsel" at the time of sentencing or direct

9    appeal.  *Reed v. Ross*, 468 U.S. 1, 16 (1984).  For the reasons advanced by Petitioner, the Court

10   agrees that his *Johnson* claim was not previously reasonably available to him.  *See* Dkt. #6 at 10-

11   12.  Likewise, the Court agrees that Petitioner has demonstrated prejudice, *see* dkt. #6 at 13-14,

12   and the Government does not actually address prejudice in its response.  Accordingly, Petitioner

13   is entitled to relief.

14   **D.  Timeliness**

15       Finally, the Government argues that if the Court agrees that *Johnson* does not apply

16   retroactively, then Petitioner's motion is untimely because the one-year statute of limitations ran

17   before he brought his petition.  This argument is now moot, as the Court has determined that

18   *Johnson* does apply retroactively in this case.

19   **E.  Merits of the Petition**

20       As discussed above, this Court has concluded that *Johnson* is a new, substantive rule, the

21   *Teague* bar does not apply, and *Johnson* applies retroactively.  The Government does not dispute

22   the merits of Petitioner's claim that his 38-month Guideline sentence no longer accounts for the

23   § 3553(a) factors relied upon this Court to vary downwards from the low end of the range.  *See*

24

1  Dkt. #4 at 4 ("The government agrees the court relied on the Sentencing Guideline's residual

2  clause to find Parker's Drive-by Shooting conviction was a crime of violence, so the merits

3  question turns on a single issue: does *Johnson* apply retroactively to a defendant challenging a

4  court's advisory Guidelines calculation in a §2255 motion?").  The Court answered that question

5  in the affirmative.   Accordingly, the Court finds that Petitioner's sentence was imposed in

6  violation of the Constitution and he is entitled to habeas relief under § 2255.

7  **IV.  CONCLUSION**

8      Having considered Petitioner's motion, Respondent's answer thereto, and the remainder

9  of the record, the Court hereby finds and ORDERS:

10     1.  Petitioner's Motion to Vacate or Correct Sentence under § 2255 (Dkt. #1) is

11         GRANTED.

12     2.  The Court VACATES and sets aside the Judgment in Case No. CR14-0211RSM.

13     3.  The Court will resentence Petitioner, permit him to submit objections to his

14         Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and

15         allow both sides to argue for an appropriate and lawful sentence, at a date to be

16         scheduled by the Court.

17     4.  The parties shall contact the Court's In-Court Deputies with their recommendations

18         and availability for an appropriate sentencing date for the Court's consideration.

19     5.  The Clerk of the Court is directed to forward a copy of this Order to Petitioner and

20         all counsel of record.

21  //

22  //

23  //

24

1    DATED this 19th day of August 2016.

2

3

        RICARDO S. MARTINEZ
4        CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24